IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROLANDA CARELINE FRENCHMAN,   )
                              )
         Plaintiff,           )
                              )
v.                            )   Case No. CIV-18-395-RAW-KEW
                              )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,      )
                              )
         Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Rolanda Careline Frenchman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 39 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade and obtained a GED. Claimant has no past relevant work. Claimant

3

alleges an inability to work beginning January 1, 2012 due to limitations resulting from bipolar disorder, a vision impairment, carpal tunnel syndrome, a back injury, posttraumatic stress disorder ("PTSD"), insomnia, social anxiety, paranoia, knee pain, hepatitis C, asthma, and obesity.

## Procedural History

On January 23, 2014, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On August 29, 2017, Administrative Law Judge ("ALJ") Jennie L. McLean conducted an administrative hearing in Oklahoma City, Oklahoma.  On November 9, 2017, the ALJ issued an unfavorable decision.  On October 26, 2018, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation.  She determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) showing bias against Plaintiff; (2) reaching an erroneous RFC; (3) failing to properly assess Claimant's credibility; and (4) failing to follow develop vocational expert witness testimony that supported Claimant's application for benefits.  Claimant also contends that the decision in this case was rendered by an ALJ whose appointment was invalid at the time the decision was issued.

## Bias in the ALJ

Claimant begins with a complaint about the conduct of the ALJ in this case.  She states that the ALJ "needlessly forced" she and her attorney to attend three hearings on this matter because she set an arbitrary 30 minute limit for each hearing.  She recites in detail the various actions taken and communications had with the ALJ and her office, the purpose for which is stated repeatedly as "the ALJ's actions in this case should be investigated by the Social Security Administration.

While a review of the transcript of the administrative hearing readily reveals a conflict between Claimant's counsel and the ALJ, nothing in the transcript nor the allegations made by Claimant in the briefing rises to the level of bias such that Claimant was

5

denied due process. Moreover, this Court has no control over investigations by the Social Security Administration and the inclusion of Claimant's and her counsel's complaint about the ALJ's inconvenient conduct is misplaced in the briefing.

### RFC Determination

In her decision, the ALJ determined Claimant suffered from the severe impairments of obesity, rheumatoid arthritis, asthma, degenerative disc disease of the cervical spine, hepatitis C, diabetes mellitus, carpal tunnel syndrome of the right and left upper extremities, peripheral neuropathy of the right and left upper extremities, polyneuropathy of the right lower extremity, anxiety disorder, bipolar disorder, and posttraumatic stress disorder ("PTSD"). (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform sedentary work. In so doing, the ALJ found Claimant could lift and carry less than ten pounds frequently and ten pounds occasionally; sit for six hours in an eight hour workday; and stand or walk for two hours. Claimant was unable to climb ladders, ropes, and scaffolds, but could occasionally kneel, crouch, crawl, stoop, and climb ramps and stairs. Claimant must work in a climate-controlled environment with no concentrated exposure to fumes, odors, dust, or gases. Claimant was able to

6

learn, understand, remember, and perform simple tasks. Claimant was unable to tolerate a public contact and customer service work. Claimant was able to interact appropriately with supervisors and co-workers on a superficial work basis. Claimant was able to adapt to work situations. (Tr. 15).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of thread separator, assembler, and sorter, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 23). As a result, the ALJ found Claimant was not disabled under a disability since January 23, 2014, the date of the filing of the application. Id.

Claimant contends that the ALJ failed to arrive at an appropriate RFC supported by substantial evidence. Claimant first asserts that the hypothetical questions posed by the ALJ to the vocational expert did not mirror the RFC findings. The ALJ included a condition of frequent reaching, handling, feeling, and fingering. (Tr. 92-93). This condition was not contained in the RFC set out by the ALJ. (Tr. 15). Carpal tunnel was included as a severe impairment and the record supports numbness and tenderness in the hands. (Tr. 1642-43, 1648, 1678, 1669).

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did not mirror Claimant's limitations. On remand, the ALJ shall accurately reflect Claimant's RFC in the questioning of the vocational expert.

**Credibility Determination**

Claimant also contends the ALJ did not apply the appropriate legal standard in evaluating her credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d

8

387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all

form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### Evaluation of the Vocational Expert Testimony

This argument is repetitive of that addressed in connection with the RFC above.

### Remand for Consideration of Properly Appointed ALJ

Claimant contends the ALJ who issued the decision in this case was not properly appointed under the Appointments Clause of the United States Constitution. This issue arose as a result of the United States Supreme Court's decision in Lucia v. Securities and Exchange Comm'n, --- U.S. ----, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018). In Lucia, the Supreme Court determined that administrative law judges with the Securities and Exchange Commission were "officers of the United States" who had to be but were not appointed in accordance with the requirements of the Appointments Clause. There appears to be little dispute that the ALJ in this case was not appointed in compliance with the Appointments Clause until the Commissioner ratified the appointment of Social Security Administration ALJs on July 16, 2018. 84 Fed.Reg. 9582-02 (Mar. 15, 2019). The issue presented before this Court surrounds only whether Claimant's raising of the

10

issue of appointment in his opening brief in this appeal in the first instance is timely.

A split of authority exists around the country on the requirement that this issue be raised in a timely fashion at the administrative level. *Compare* Rabache v. Saul, 2019 WL 7288873, at *3 (D.N.M. Dec. 30, 2019); Klotz v. Saul, 2019 WL 4119159 (D. Utah Aug. 12, 2019); Heather M. H v. Berryhill*, 2019 WL 2305951, at *2 (D. Utah Apr. 29, 2019)*, report and recommendation adopted sub nom.* Heather M.H. v. Berryhill*, 2019 WL 2297706 (D. Utah May 30, 2019); Kabani & Company, Inc. v. U.S. Securities & Exchange Commission, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); Faulkner v. Commissioner of Social Security, 2018 WL 6059403 at *2-3 (W.D. Tenn. Nov. 19, 2018); Page v. Commissioner of Social Security, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); Salmeron v. Berryhill, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); Garrison v. Berryhill, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); Davidson v. Commissioner of Social Security, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018); Stearns v. Berryhill, 2018 WL 4380984 at *4-6 (N.D. Iowa, Sept. 14, 2018); Davis v. Commissioner of Social Security, 2018 WL 4300505 at *8-9 (N.D. Iowa, Sept. 10, 2018); Pearson v. Berryhill, 2018 WL 6436092,

11

at *4 (D. Kan. Dec. 7, 2018) *with* Lenece v. Saul, 2020 WL 1065720, at *1 (N.D. Okla. Mar. 5, 2020); McCray v. Soc. Sec. Admin., 2020 WL 429232, at *14 (D.N.M. Jan. 28, 2020); Dove-Ridgeway v. Berryhill, 2020 WL 109034, at *1 (D. Del. Jan. 9, 2020); Kim L. M. v. Saul*,* 2019 WL 3318112 (N.D. Okla. July 24, 2019).

Without belaboring the reasoning that other courts have already belabored, this Court finds the more reasoned view supports the remand of this case for consideration by a constitutionally appointed administrative law judge. In particular, this Court finds persuasive and well-reasoned the decisions in McCray and Lenece. In both decisions, the courts found the United States Supreme Court's position in Sims v. Apfel, 530 U.S. 103 (2000) controlled. In that case, the Supreme Court determined that a claimant did not have to exhaust by raising a claim at the Appeals Council level in order to raise the issue on appeal. Id. at 108. It did not specifically address whether the same reasoning applied to issues not raised before the ALJ but this Court perceives no rational basis to fail to apply the rule at that level as well. As a result, this case will be remanded to be considered by a properly appointed ALJ.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE